UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AARON BELMER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-00435-AGF |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' joint motion (Doc. No. 34) for settlement approval and dismissal with prejudice. The Court held a hearing on the motion on July 7, 2015. For the reasons discussed at the hearing and set forth below, the motion shall be granted, and this action shall be dismissed with prejudice, in accordance with the terms of the parties' settlement agreements.

## BACKGROUND

Plaintiffs, five former home mortgage consultants ("HMCs") employed by Defendant, filed this action on March 10, 2014, alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., by failing to pay them for overtime. Plaintiffs assert only individual claims, and do not seek to represent similarly situated individuals.

In their single-count complaint, Plaintiffs allege that, at all relevant times, they performed non-exempt duties, as that term is defined under the FLSA; that to successfully perform their jobs, they needed to work more than 40 hours per week; that Defendant was

aware they worked in excess of 40 hours per week; and that Plaintiffs were instructed not to record overtime. Plaintiffs' complaint requests compensatory damages, liquidated damages, and attorneys' fees and costs.

Defendant denies these allegations and contends that Plaintiffs were instructed through documents and training to record all hours worked, and that Plaintiffs were properly compensated for all hours recorded.

Since the lawsuit was filed, the parties have engaged in extensive discovery, including the exchange of written discovery and depositions of all five Plaintiffs and a manager and corporate designee of Defendant. On May 28, 2015, the parties engaged in an all-day mediation before a Court-approved mediator. Following the mediation, the parties reached a settlement and executed five confidential settlement agreements. The parties now move for the Court to approve the settlement agreements and dismiss this action with prejudice.

## **DISCUSSION**

As an initial matter, the Court notes "that the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *King v. Raineri Constr., LLC*, No. 4:14–CV–1828 (CEJ), 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (citing cases). In support of their motion for judicial approval, the parties direct the Court's attention to *Copeland v. ABB, Inc*., 521 F.3d 1010 (8th Cir. 2008), in which the Eighth Circuit held that "FLSA rights are statutory and cannot be waived," and that "[t]here are only two statutory exceptions to this general rule": (1) "an employee may accept payment of unpaid wages under the supervision of the Secretary of Labor and if the

back wages are paid in full"; and (2) "if an employee brings suit directly against a private employer pursuant to § 216(b) of the statute, and the district court enters a stipulated judgment, it will have res judicata effect on any subsequent claim for damages." 521 F.3d 1010, 1014 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). But neither this case nor the cases cited therein inform the Court whether it must evaluate and approve a private FLSA settlement, or whether such approval is a prerequisite for subsequent judicial enforcement of a private settlement. *See Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 131 (D.D.C. 2014) (discussing *Lynn's Food* and its progeny and finding that the issues addressed therein—whether an FLSA settlement is legally enforceable—"is distinct from whether a court must—or should—evaluate such a proposed settlement ex ante," and noting that "no binding caselaw in this Circuit requires a district court to assess proposed FLSA settlements ex ante").

Nevertheless, because the parties have mutually sought judicial approval of their proposed settlement, and because declining to review the settlement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness. *See King*, 2015 WL 631253, at *2 (reviewing settlement's FLSA-related terms, notwithstanding lack of clear requirement to do so); *Carrillo*, 51 F. Supp. 3d at 131 (same).

Assuming, without deciding, that a fairness review is appropriate, "[a] district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Williams v. BPV Mkt. Place Investors, L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014). Among the

factors the court may consider in evaluating the settlement's fairness are "the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." *Id.*

The Court must also assess the reasonableness of the plaintiffs' attorneys' fees. *Williams*, 2014 WL 5017934, at *2. "Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients." *King*, 2015 WL 631253, at *3 (citation omitted). "In a private FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees." *Id.* (citation omitted).

In this case, the Court finds that the proposed settlement is fair and reasonable to all parties. The settlements are the product of bona fide disputes between the parties, and were reached after extensive discovery and an all-day mediation. Each party was represented by experienced counsel at the mediation and throughout the pendency of this case.

The settlement agreements provide for payment of unpaid overtime compensation, as well as liquidated damages, to each of the five Plaintiffs. At the hearing, Plaintiffs' counsel explained how the amounts were calculated, and explained how the amounts compared to the maximum amount the Plaintiffs might recover at trial. Based on this information, the Court finds the settlement amounts to be fair and reasonable in light of the defenses raised by Defendant. Although the settlement agreements contain broad releases of liability by the Plaintiffs for claims arising out of or during their course of employment with Defendant,

none of the Plaintiffs is still employed by Defendant, and the scope of the releases, in light of the overall settlement, appears to be reasonable.

The Court also finds that the requested attorneys' fees are reasonable. Plaintiffs' counsel submitted an affidavit describing counsel's fee agreements with Plaintiffs and noting that the amount of fees requested is less than total time counsel billed for this lawsuit. Plaintiffs' counsel also explained to the Court at the hearing how the fees were calculated. The Court finds that the total amount of attorneys' fees requested by Plaintiffs' counsel is in accordance with counsel's fee agreements and is reasonable, based on the amount of time and effort expended on this case, including researching and filing the claims, conducting written discovery and depositions, and preparing for and engaging in mediation.

The requested attorneys' fees are also apportioned equally among the Plaintiffs. Although this manner of apportionment appears to differ from the terms of the fee agreements, Plaintiffs' counsel represented at the hearing that each Plaintiff was apprised at the mediation that this manner of apportionment would, for at least some Plaintiffs, result in the Plaintiff receiving less money than he or she would be entitled under his or her fee agreement, and that each Plaintiff nevertheless agreed to equal apportionment of the fees in connection with the overall settlement. Based on this representation, the Court finds that the manner of apportionment of attorneys' fees is also fair and reasonable.

## **CONCLUSION**

For the reasons set forth above and stated at the hearing,

**IT IS HEREBY ORDERED** that the parties' joint motion for settlement approval and dismissal with prejudice is **GRANTED**. (Doc. No. 34.)

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2015.